IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS SLOANE, individually and on behalf of all persons similarly situated,** | Civil Action No.: |
| Plaintiff, | Complaint— Class and Collective Action |
| v. | ELECTRONICALLY FILED |
| **GULF INTERSTATE FIELD SERVICES, INC.,** | JURY DEMAND |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Thomas Sloane ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant Gulf Interstate Field Services, Inc. ("Defendant" or "Gulf Interstate") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

1

## PARTIES

4. Plaintiff Thomas Sloane is a Texas resident who was employed by Gulf Interstate as a pipeline inspector in Western Pennsylvania and Oklahoma between approximately April 2014 and October 2014, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

5. Defendant Gulf Interstate is a wholly owned subsidiary of Gulf Interstate Engineering Company (GIEC).[1] Gulf Interstate is part of an enterprise with GIEC. The GIEC Enterprise provides a broad range of services to the oil and gas industry. It employs thousands of workers in many states and countries. Its gross revenues have exceeded $100 million for each of the past three years.

6. Gulf Interstate was incorporated in Delaware, and maintains its corporate headquarters in Houston, Texas. Gulf Interstate provides inspection services to the oil & gas industry. It provides construction management, construction inspection, vendor inspection, environmental inspection, materials management, and other services for oil and gas transportation and storage projects throughout the United States, including this judicial District.

7. Gulf Interstate employs "Field Workers," including inspectors (such as Plaintiff) and Field Office Managers, who perform a variety of services, including inspection services on oil and gas pipelines for energy, public utility and pipeline companies. Gulf Interstate's financial results are driven by the number of Field Workers performing services for Gulf Interstate's customers and the fees that Gulf Interstate charges the customers for these services.

8. Gulf Interstate charges its Field Workers' services out to Gulf Interstate's

---

[1] *See* Gulf Interstate Corporate Organization, *available at* http://www.gie.com/about-us/corporate-organization (last visited September 16, 2015) (stating Gulf Interstate Field Services is a "wholly owned subsidiary providing construction management and construction inspection services").

2

customers on a per project basis, including per diem charges for the Field Workers, their mileage and other reimbursement items.

9. Gulf Interstate employed Plaintiff and continues to employ similarly situated employees.

10. Gulf Interstate employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11. Gulf Interstate's annual gross volume of business exceeds $500,000.

12. Gulf Interstate is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## **CLASS DEFINITIONS**

13. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former Field Workers (or equivalent positions) employed by Gulf Interstate Field Services, Inc. in the United States who were paid a day rate between September 16, 2012 and the present. (the "FLSA Class").  The FLSA class does not include any periods during which FLSA Class members worked on the MarkWest Ohio Project and were paid a day rate.

14. Plaintiff brings this lawsuit for Counts II through IV as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former Field Workers (or equivalent positions) employed by Gulf Interstate Field Services, Inc. in Pennsylvania who were paid a day rate between September 16, 2011 and the present (the "Pennsylvania Class").

15. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

16. Plaintiff reserves the right to redefine and/or subdivide the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

17. Over the past three (3) years, Gulf Interstate has employed more than 500 hundred workers – including Plaintiff – as Field Workers.

18. Between approximately April 2014 and October 2014, Plaintiff was employed as a pipeline inspector with Gulf Interstate in Pennsylvania and Oklahoma, performing and reviewing inspections on gas pipelines.

19. Gulf Interstate employed Plaintiff to perform welding inspection on a pipeline in and around Pennsylvania.

20. Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the Classes performing the same or substantially similar job duties.

21. Plaintiff and the Classes are all blue collar workers who are primarily engaged in manual labor or basic office duties.

22. Plaintiff's work as a pipeline inspector required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the Classes utilizing similar techniques and procedures in the performance of their jobs.

23. Plaintiff worked within the closely prescribed limits provided by Gulf Interstate, the pipeline construction contractor, the pipeline owner, the American Petroleum Institute, the American Society of Mechanical Engineers, the American Welding Society, and the United States Department of Transportation.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other

members of the Classes working in the same or substantially similar manner.

24. Gulf Interstate has a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

25. Prior to hiring on, each Field Worker receives an offer letter from Gulf Interstate. Under the terms of the arrangement between Gulf Interstate and the Field Workers, the Field Workers will be paid a set amount for "Day Worked."

26. The employment arrangement between Gulf Interstate and the Field Workers does not include any minimum guarantee of a certain amount of pay which is to be paid regardless of the number of hours or days worked.

27. Gulf Interstate pays its Field Workers a day rate for the work they perform.

28. While Gulf Interstate does not keep accurate records of the hours Field Workers work (Gulf Interstate instructs its Field Workers to record only 10 hours per day on their timesheets regardless of whether the Field Worker worked more than 10 hours that day), Gulf Interstate knows its Field Workers regularly work more than 40 hours in a week. In fact, the timesheets submitted to Gulf Interstate regularly indicate 60 or more hours worked in a week. Nonetheless, Gulf Interstate did not, and does not, pay its Field Workers overtime compensation for hours worked over forty per workweek.

29. Because its day rate system does not pay non-exempt workers overtime for hours worked in excess of forty in a week, Gulf Interstate's day rate system violates the FLSA and Pennsylvania state law.

30. Gulf Interstate is aware its payment plan is illegal. Gulf Interstate knows of the FLSA's requirements because it pays overtime to a number of its employees. In addition, Gulf Interstate has received a number of complaints regarding its overtime pay practices with respect to Field Workers. Gulf Interstate nonetheless recklessly disregarded its overtime obligations.

31. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. Gulf Interstate, however, has not done so.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

33. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Gulf Interstate's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Gulf Interstate's common compensation, timekeeping and payroll practices.

35. Specifically, Gulf Interstate paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

36. Further, Gulf Interstate misclassified Plaintiff and the FLSA Class as exempt and failed to pay overtime as required by federal law.

37. The similarly situated employees are known to Gulf Interstate, are readily identifiable, and may be located through Gulf Interstate's records, as well as the records of any payroll companies that Gulf Interstate utilizes. Gulf Interstate employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Pennsylvania Class defined above.

39. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

40. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

41. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Gulf Interstate has violated and continues to violate Pennsylvania law through its policy or practice of not paying its day rate employees overtime compensation.

42. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

43. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Gulf Interstate's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Gulf Interstate.

45. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Gulf Interstate.

46. Without a class action, Gulf Interstate will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I
### Violation of the FLSA
### (On Behalf of the FLSA Class)

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

49. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 29 C.F.R. § 778.112.

50. Gulf Interstate's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

51. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

52. Gulf Interstate acted knowingly and/or with reckless disregard of the rights of Plaintiff and the FLSA Class in failing to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40)

hours per week, in violation of 29 U.S.C. § 207(a)(1).

53. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act
## (On Behalf of the Pennsylvania Class)

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The Pennsylvania Minimum Wage Act of 1968 (PMWA) requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

56. The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 34 PA. CODE § 231.43(b).

57. Gulf Interstate is subject to the overtime requirements of the PMWA because Gulf Interstate is an employer under 43 P.S. § 333.103(g).

58. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

59. Gulf Interstate's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 PA. CODE § 231.43(b).

60. Gulf Interstate knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in

excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

61. Pursuant 43 P.S. § 333.113, employers, such as Gulf Interstate, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

62. In violating the PMWA, Gulf Interstate acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
## Unjust Enrichment
## (On Behalf of the Pennsylvania Class)

63. All previous paragraphs are incorporated as though fully set forth herein.

64. Gulf Interstate has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

65. At all relevant times hereto, Gulf Interstate devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

66. Contrary to all good faith and fair dealing, Gulf Interstate induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

67. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Gulf Interstate enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania

Class.  Gulf Interstate retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

68. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Gulf Interstate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks the following relief:

    A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

    C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

    D. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

    E. Liquidated damages to the fullest extent permitted under the law;

    F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: September 16, 2015                    Respectfully submitted,

                                              /s Sarah R. Schalman-Bergen
                                              Shanon J. Carson (PA 85957)
                                              Sarah R. Schalman-Bergen (PA 206211)
                                              Alexandra K. Piazza (PA 315240)
                                              BERGER & MONTAGUE, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA  19103
                                              Telephone: (215) 875-3000

Facsimile: (215) 875-4604
Email: scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Richard J. (Rex) Burch (TX 24001807)*
James A. Jones (TX 10908300)*
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email:  rburch@brucknerburch.com
jjones@brucknerburch.com

*\*Application for Admission to be Filed*

*Attorneys for Plaintiff*