IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SLOANE, individually and on behalf of all persons similarly situated, ) ) ) Plaintiff, ) ) v. ) ) GULF INTERSTATE FIELD SERVICES, INC. ) ) Defendant. ) | Civil Action No. 15-1208 Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I.  INTRODUCTION

In this civil action Thomas Sloane ("Plaintiff"), on behalf of himself and all persons similarly situated, brings suit against Gulf Interstate Field Services, Inc. ("Defendant" or "Gulf Interstate") and asserts claims under the Fair Labor Standards Act ("FLSA") and Pennsylvania state law, including the Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania common law, for alleged failure of Defendant to pay overtime wages. Presently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. After consideration of the parties' filings and oral argument, and for the reasons set forth below, Defendant's Motion will be DENIED.

II.  PROCEDURAL BACKGROUND

Plaintiff asserts three claims in his Complaint. Count I alleges a violation of the FLSA (on behalf of the FLSA Class); Count II alleges a violation of the PMWA (on behalf of the

1

Pennsylvania Class); and Count III alleges a claim for unjust enrichment (on behalf of the Pennsylvania Class). (Docket No. 1 at ¶¶ 47-68).

On September 16, 2015, Plaintiff filed his Class and Collective Action Complaint. (Docket No. 1). Defendant filed its Motion to Dismiss for Failure to State a Claim (Docket No. 6) and Memorandum of Law in Support thereof (Docket No. 7) on November 5, 2015. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Docket No. 17) on November 25, 2015. Defendant filed its Reply Memorandum in Support on December 14, 2015. (Docket No. 25). The Court then heard argument (Docket Nos. 28 & 51) on January 8, 2016. Subsequently, Plaintiff filed a Motion for the Commencement of Discovery, or in the Alternative, For Equitable Tolling of Opt-In Plaintiffs' FLSA Claims (Docket No. 30) on January 15, 2016, and a Memorandum of Law in Support thereof (Docket No. 31). Defendant filed a Response in Opposition (Docket No. 34) on January 22, 2016. With leave of Court, Defendant filed its Supplemental Authority for its Motion to Dismiss on February 2, 2016 (Docket No. 39), and Plaintiff responded with his Supplemental Authority on February 9, 2016. (Docket No. 42). During the pendency of this matter, in addition to Plaintiff, various other individuals have filed consents to opt-in as class members. (Docket Nos. 14, 15, 18, & 54).

III. ALLEGATIONS OF THE COMPLAINT

Specifically, Plaintiff's Class and Collective Action Complaint avers as follows: Plaintiff is a Texas resident who was employed by Gulf Interstate as a pipeline inspector in Western Pennsylvania and Oklahoma. (Docket No. 1 at ¶ 4). Defendant is a wholly owned subsidiary of Gulf Interstate Engineering Company, which was incorporated in Delaware and maintains its corporate headquarters in Houston, Texas. (Docket No. 1 at ¶¶ 5-6). Over the last three (3) years, Defendant has employed over 500 workers as field workers, which include pipeline

inspectors such as Plaintiff. (Docket No. 1 at ¶ 17). Defendant employed Plaintiff between approximately April 2014 and October 2014 and his employment responsibilities included performing and reviewing inspections on gas pipelines. (Docket No. 1 at ¶¶ 18-20). Plaintiff and the members of the proposed classes are blue-collar workers who are primarily engaged in manual labor or basic office duties. (Docket No. 1 at ¶ 21).

Prior to "hiring on," all field workers received an offer letter from Defendant dictating that they will be paid a set amount per day worked. (Docket No. 1 at ¶ 25). Plaintiff contends that Defendant did not keep accurate records of the field workers' hours, and that it instructed the field workers to record only ten (10) hours per day, regardless of the true number of hours that they worked. (Docket No. 1 at ¶ 28). Plaintiff maintains that the timesheets submitted to Defendant indicate that field workers regularly worked sixty (60) or more hours per week. (Docket No. 1 at ¶ 28). In sum, Plaintiff contends that Defendant, by not paying its field workers overtime compensation for hours worked over the forty-hour workweek, violated the FLSA and Pennsylvania state law. (Docket No. 1 at ¶ 29). Plaintiff further avers that because Defendant paid overtime to a number of its other employees and has previously received a number of complaints regarding its overtime pay practices with respect to field workers, it was fully aware that its payment plan was illegal and thus recklessly disregarded its overtime obligations. (Docket No. 1 at ¶ 30).

IV. LEGAL STANDARDS

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R .CIV. P. 8(a)(2). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

3

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The United States Supreme Court in *Iqbal* clarified that its decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. The Supreme Court further explained that even though a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Id*. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a]lthough a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 790 (3d Cir. 2016) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)). The facial plausibility requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57) (internal citations omitted). Furthermore, the determination as to whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim, and accepting the "well-pleaded facts as true," then should "determine whether the facts alleged in the

4

complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).  The matter for the court's determination is not whether the pleading party ultimately will prevail on the claim, but rather whether that party is entitled to offer evidence in support of it. *United States ex rel. Wilkins v. United Health Grp.*, 659 F.3d 295, 302 (3d Cir. 2011). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As part of this task, the court must "identify those allegations that, being merely conclusory, are not entitled to the presumption of truth." *Connelly*, 809 F.3d at 789.  This Court is mindful that to meet the standard a plaintiff "need only put forth allegations [of fact] that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.2d at 213 (internal quotations omitted); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016).  As further instructed by the Court of Appeals, the allegations of fact, even if unrealistic, nonsensical, or extravagantly fanciful, are entitled to the presumption of truth and are construed in the pleader's favor on a motion to dismiss. *Connelly,* 809 F.3d at 789, 791.

    V.      DISCUSSION

Defendant has moved the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After considering the parties' arguments and pertinent authority, the Court is not persuaded by Defendant's position.  In the Court's estimation, many of the proffered arguments are more appropriate for the summary judgment stage and inappropriate at this stage of the litigation.

        a.   Extrinsic Evidence

First, in making its arguments on the instant motion, Defendant urges the Court to consider documents attached to its Memorandum of Law, including certified copies of Plaintiff's criminal records and a June 2014 letter executed by Plaintiff regarding his pay and his timesheets and paystubs, which Defendant claims have somehow been authenticated and are not in dispute. (Docket No. 7 at 7-8). In arguing that the Court should not consider any extrinsic evidence, Plaintiff correctly asserts that under Rule 12(b)(6) the Court should only consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (Docket No. 17 at 11-12).  In ruling on a motion to dismiss, a court typically only considers the allegations contained in the complaint, exhibits attached thereto, and matters of public record. *Schmidt* 770 F.3d at 249; *see also Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  Plaintiff also correctly asserts that if the Court is to consider extrinsic evidence, the motion should be converted to a motion for summary judgment, and that he should be afforded discovery to respond to same. S*ee* FED. R. CIV. P. 12(d); (Docket No. 17 at 12).

Plaintiff concedes under *Schmidt*, 770 F.3d at 249, an exception to the general rule that the Court only consider the allegations in the Complaint—namely, "that a 'document integral to or explicitly relied upon in the complaint' may be considered without converting the motion to dismiss into one for summary judgment." (Docket No. 17 at 12).  Plaintiff argues, however, that the various documents upon which Defendant relies for its motion may not fairly be considered as part of the Complaint. (Docket No. 17 at 12-13).  Moreover, Plaintiff asserts that the Court should not take judicial notice of Plaintiff's criminal record, as urged by Defendant, given that it is extrinsic evidence and not part of or necessary to the allegations in the complaint.  (Docket

6

No. 17 at 13-14). Plaintiff argues that even if the Court took judicial notice of his criminal record, some of the convictions are over ten (10) years old and are thus inadmissible under Federal Rule of Evidence 609(b).[1]

In support of its argument, Defendant cites *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, in which the Third Circuit states that "[w]e now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. However, the Third Circuit goes on to say that

> Our decision will not undermine the rationale underlying Rule 12(b)(6)'s requirement that a motion to dismiss be converted to a summary judgment motion if a court considers matters outside the pleadings. The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond.

*Id*. at 1196 (3d Cir. 1993). Here, Defendant improperly urges the Court to rely upon extrinsic documents when it cannot be fairly stated that Plaintiff's claims are based on those documents, rather than being documents on which Gulf Interstate's defense is based. It would be inappropriate to consider the attached materials at the motion to dismiss stage without allowing Plaintiff to conduct discovery in order to adequately respond to said materials. Hence, the Court declines to convert Defendant's motion to one for summary judgment under Federal Rule of Civil Procedure 12(d). Defendant may renew its argument at the conclusion of discovery and on motion for summary judgment.

b. Overtime Pay

Defendant maintains that "Count I and II must be dismissed because Plaintiff is a highly compensated, FLSA and PMWA exempt employee who is not entitled to receive a payment for

---

[1] The Court notes that Rule 609(b) limits the use of such evidence after ten (10) years. It does not provide an absolute prohibition.

7

overtime in addition to his salary." (Docket No. 6 at ¶ 1). Defendant further contends that Counts I and II must be dismissed because Plaintiff did not plead sufficient facts to state a plausible claim that he is "misclassified" by Defendant as exempt from the FLSA and PMWA's overtime requirements. (Docket No. 6 at ¶ 2). Specifically, Defendant argues that under the 2004 Department of Labor ("DOL") exemption for "highly compensated" employees, Plaintiff was exempt from overtime under the FLSA and PMWA. (Docket No. 7 at 6).

In making these assertions, Defendant relies on 29 C.F.R. § 541.601(c), which provides:

> A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part. An employee may qualify as a highly compensated executive employee, for example, if the employee customarily and regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements for the executive exemption under § 541.100.

29 C.F.R. § 541.601(c). Section 541.601(a) states that "[a]n employee with total annual compensation of at least $100,000 is deemed exempt . . . if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part." Defendant asserts that there are facts that cannot be disputed, including, that Plaintiff had an annualized salary of over $140,504.00 and that he was guaranteed to be paid every two weeks. (Docket No. 7 at 6). According to Defendant, these facts establish that Plaintiff was a highly compensated employee under 29 C.F.R. § 541.601(a).

Defendant claims that Plaintiff meets the prongs of the established test to be an exempt employee given that he had an annualized salary over $100,000.00, that he was guaranteed $386.00 per day, earned at least $455.00 per week, that his job included the performance of non-

8

manual work, and that he customarily and regularly performed one or more of the duties of an exempt administrative employee. (Docket No. 7 at 7-11). In further support of its contention, Defendant maintains that "[q]uality control and personnel management are administrative tasks," under 29 C.F.R. § 541.201(b). (Docket No. 7 at 11). In making these assertions, Defendant points out that Plaintiff's Complaint fails to plead a claim for overtime pay violations because it does not allege that he performed non-exempt duties, and that the Court does not have a factual basis from which it can infer that he was performing any manual labor or that manual labor was his primary duty. (Docket No. 7 at 12).

In response, Plaintiff asserts that the FLSA and PMWA claims do not fail under the Rule 12(b)(6) standard and thus should not be dismissed. (Docket No. 17 at 15). Simply put, Plaintiff alleges that he and other members of the classes were employed by Defendant, were engaged in commerce, regularly worked in excess of forty (40) hours per week, and were denied overtime pay as a result of Defendant's compensation scheme. (Docket No. 17 at 15) (Docket No. 1 at ¶¶ 18-19, 24-29). Thus, Plaintiff argues that he has stated a *prima facie* case under the FLSA and PMWA. In so asserting, Plaintiff relies on *Schmidt*, which states that the exemptions under the regulations are *affirmative defenses* that are not appropriate at the motion to dismiss stage—and are not part of his pleading requirements. *Schmidt*, 770 F.3d at 248. (Docket No. 17 at 15-17).

The absence of an FLSA exemption is not a required element of Plaintiff's claim and, therefore, Plaintiff need not plead facts which would permit a finder of fact to conclude that an exemption does not apply. However, an exemption may be plead as affirmative defense to an FLSA claim. As such, Defendant's reliance upon affirmative defenses at this stage is misguided, as it is inappropriate for the Court to grant a motion to dismiss based on an affirmative defense

9

where the factual predicate of said defense is not apparent from the face of the complaint.  *Brody v. Hankin,* 145 F. App'x 768, 771 (3d Cir. 2005) (citing *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 n.10 (3d Cir. 1978)); *see also In re Tower Air, Inc.,* 416 F.3d 229, 242 (3d Cir. 2005) ("affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *In re Adams Golf, Inc. Sec. Litig.,* 381 F.3d 267, 277 (3d Cir. 2004) ("an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)").  Indeed, "[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses . . ."  *Schmidt*, 770 F.3d at 248.

Moreover, federal courts have held that whether a plaintiff falls within a particular exemption under the FLSA overtime provision constitutes a mixed question of law and fact, and ultimately requires courts to examine the historical and record facts.  *Hein v. PNC Fin. Servs. Grp., Inc.,* 511 F.Supp.2d 563, 570 (E.D. Pa. 2007).  As a result, courts routinely deny motions to dismiss when a defendant relies on an exemption.  *See Haskins v. VIP Wireless Consulting,* 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) ("We conclude such a detailed, fact-intensive analysis is impossible at this stage of the litigation."); *Snyder v. Dietz & Watson, Inc.,* 837 F.Supp.2d 428, 451–52 (D.N.J. 2011) ("The Court finds that resolution of the affirmative defense raised by Defendants is not appropriate on a motion to dismiss under Rule 12(b)(6).").

Finally, the Court notes that Defendant, in making the assertion that Plaintiff was exempt under the FLSA because he was a highly compensated employee, entirely ignores that the PMWA does not even have such an exemption.  *See* 43 Pa. Stat. § 333.105; *see also Galdo v. PPL Electric Utilities Corp.*, 2016 WL 454416, at *3 (E.D. Pa Feb. 5, 2016) (stating that no such exemption exists under the PMWA).  Accordingly, Defendant's Motion to Dismiss Counts I and II, will be denied.

      c. Unjust Enrichment

Defendant argues that Count III, the unjust enrichment claim, must be dismissed because it is based on the same facts of the FLSA and PMWA claims, seeks the same relief as Plaintiff's FLSA claim, and is therefore preempted by the FLSA. (Docket Nos. 6 at ¶ 6 and 7 at 14). According to Defendant, because the unjust enrichment claim has a statute of limitations of four (4) years, rather than the two (2) year limitation period of the FLSA, Plaintiff is in essence improperly attempting to extend the FLSA's limitations period. (Docket No. 7 at 14). Defendant relies on *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012), and *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193-94 (4th Cir. 2007), in support of its argument that the Plaintiff cannot use a Pennsylvania unjust enrichment claim to extend the FLSA's statute of limitations period. (Docket No. 7 at 13).

Plaintiff counters that the unjust enrichment claim is not preempted under the FLSA and notes that the Third Circuit has not addressed this issue. (Docket No. 17 at 19). Indeed, Defendant's argument that the unjust enrichment claim is preempted because the FLSA can preempt even parallel state law claims is considered to be a minority view. *Duffie v. The Michigan Group, Inc.*, 2016 WL 28987, at *17 (E.D. Mich. Jan. 4, 2016). *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 489, 491 (D.N.J. 2014), while finding that a plaintiff's FLSA claim preempted his state unjust enrichment and contract claims, acknowledged that the Third Circuit has not yet addressed the preemption issue presented by Defendant.

This Court notes that,

> [t]he FLSA contains a "savings clause" that expressly permits states to create their own wage and hour laws. 29 U.S.C. § 218(a). By extension, the FLSA can be read so as not to preempt remedies under state law. That is particularly so where plaintiff's state law claim is not redundant of the FLSA's claim, but instead states a different legal theory than the FLSA claim."

*Duffie*, 2016 WL 28987, at *17. The savings clause specifically states,

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.

29 U.S.C.A. § 218(a).

In the instant matter, the FLSA's savings clause allows states to enact their own wage and hour statutes and regulations in addition to the FLSA. Therefore, "the FLSA can be read so as not to preempt remedies under state law." *Duffie*, 2016 WL 28987, at *17. The lack of preemption may extend to both the PMWA and the Pennsylvania unjust enrichment claim, which this Court leaves for a decision at a later stage. This Court observes that several courts have permitted plaintiffs to plead causes of action pursuant to the PMWA as well as the doctrine of unjust enrichment. *See Zelinsky v. Staples, Inc.*, 2008 WL 4425814, at *8 (W.D. Pa. Sept. 29, 2008) ("Indeed, it appears that at least one Pennsylvania court has certified class claims for both violation of PMWA and unjust enrichment.") (citing *Braun v. Wal–Mart Stores, Inc.*, 2005 WL 3623389, at *1 (Pa. Ct. Com. Pl. Dec. 27, 2005)); *Thompson v. U.S. Airways, Inc.*, 717 F.Supp.2d 468, 480–81 (E.D. Pa. 2010) (permitting both PMWA and unjust enrichment claims); *Lugo v. Farmers Price, Inc.*, 967 A.2d 963, 970 (Pa. 2009) (same).

Regardless, this Court has previously held that Rule 8(d)(2) of the Federal Rules of Civil Procedure expressly authorizes parties to plead claims in the alternative. *Hively v. Allis-Chalmers Energy, Inc.*, 2013 WL 2557629, at *3 (W.D. Pa. June 10, 2013) (Fischer, J.). Therefore, at a minimum, Plaintiff may pursue unjust enrichment as an alternative theory at this stage of the

12

litigation. Based on the forgoing, Defendant's Motion to Dismiss Counts II and III under preemption theory is likewise denied.

### d. Adequacy of Plaintiff as Class Representative

Defendant argues that Plaintiff must be disqualified as a class representative under Federal Rule of Civil Procedure 23 because of his extensive criminal history, which includes convictions for crimes of dishonesty and which renders him inadequate to serve as a class representative and atypical of class members. (Docket No. 6 at ¶¶ 3-5; Docket No. 7 at 15). Citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1977)), Defendant claims that courts regularly disqualify potential class representatives because of credibility issues, such as lack of honesty or conscientiousness, as a means of protecting the rights of absent class members. (Docket No. 7 at 17). Defendant also asserts that numerous courts have rejected the appointment of a Rule 23 class representative under Rule 23(a)(4) where that putative representative has been convicted of felonies or other crimes that involve fraud or dishonesty, or even if they did not commit crimes, but lacked credibility. (Docket No. 7 at 18-19). Similarly, Defendant argues that Plaintiff must be disqualified from acting as the FLSA class representative because he is not "similarly situated" to the class with respect to the FLSA violations, given his alleged inadequacy and credibility issues. (Docket No. 7 at 20-21). Defendant further posits that Plaintiff's serving as a class representative will prejudice the other members of the class, because his "criminal history gives rise to individualized issues and defenses that will be distracting . . . and confusing for the jury in the context of a representative action." (Docket No. 39 at 10). Defendant nonetheless acknowledges that Plaintiff theoretically could find relief in an individual FLSA lawsuit, were his allegations sufficient. (Docket No. 39 at 10). Finally, Defendant argues

that, once Plaintiff is disqualified as class representative, the collective claims must be dismissed for lack of a class representative. (Docket No. 7 at 21).

Plaintiff contends that Defendant's disqualification argument is not appropriate at the motion to dismiss stage, especially given that there has not yet been full discovery on this issue. (Docket No. 17 at 21). Plaintiff relies on *Swank v. Wal-Mart Stores, Inc.*, 2015 WL 1508403, at *2 (W.D. Pa. Mar. 31, 2015). The *Swank* Court observed that courts grant motions to dismiss class allegations before class discovery only in rare cases when the requirements for maintaining a class action lawsuit cannot be met. According to Plaintiff, there is no basis to deviate from the general rule here and Defendant has not argued that there are any deficiencies within the Complaint regarding the requirements for maintaining a class action. (Docket No. 17 at 22). Citing *Hodczak v. Latrobe Speciality Steel Co.*, 2009 WL 911224 (W.D. Pa. Mar. 31, 2009), Plaintiff points out that these assertions are premature because he has not yet even moved for certification of the classes. (Docket No. 17 at 22-23).

Plaintiff also asserts that his criminal record does not render him inadequate to be a class representative, given that he has recognized his mistakes and "has gotten his life back on track" and that his criminal record is irrelevant as to whether Defendant violated the PMWA and FLSA, citing *Cantu v. Milberger Landscaping, Inc.*, 2014 WL 1413500, at *2 (W.D. Tex. Apr. 3, 2014) (a plaintiff's criminal history is not related to whether a defendant complied with federal regulations). (Docket No. 17 at 23-24; Docket No. 42 at 3). Plaintiff also points out that FLSA collective action requirements under section 216(b) differ from Rule 23's adequacy requirement, (Docket No. 17 at 25-26), particularly at the notice stage. Finally, Plaintiff argues that the "similarly situated" analysis does not focus on the plaintiff, but rather is concerned with the Defendant's "common, illegal day rate pay scheme." (Docket No. 17 at 26).

14

The Court finds unpersuasive Defendant's argument that because of various issues with Plaintiff serving as a class representative, he should be immediately disqualified and that the case as a result should be dismissed for lack of a class representative. Plaintiff's criminal record may be irrelevant to conditional certification under the FLSA, which has not yet occurred. Furthermore, it is immaterial to whether Defendant incorrectly failed to pay Plaintiff and other inspectors overtime. *See Cantu*, 2014 WL 1413500, at *2 (finding that named plaintiff's criminal conviction did not make him an inadequate representative due to credibility issues, and that it is a matter for a factfinder and not for whether defendant complied with the FLSA).

In regards to whether or not Plaintiff is "similarly situated" to the other members of the prospective class, the Third Circuit has held that, "[t]he burden of demonstrating that members of the collective action are similarly situated is to be borne by the plaintiffs, who must show by a preponderance of the evidence that they are similarly situated." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 534 (3d Cir. 2012). The Third Circuit also has stated "the standard for final certification is more stringent than the standard for conditional certification." *Id*. Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all of the collective members. 7B Wright, Miller, & Kane, *Federal Practice and Procedure: Civil* § 1807, at 489–90 (3d ed. 2005). The Court notes that while the issue of whether Plaintiff is an appropriate representative is not pertinent to determine whether Plaintiff's Complaint contains sufficient factual allegations, when accepted as true, as the Court must, the issue may be addressed at later stages of this litigation.

VI.     CONCLUSION

For all of the foregoing reasons, Gulf Interstate Field Services, Inc.'s Motion to Dismiss will be DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.