IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SLOANE, individually and on behalf of all persons similarly situated, | : : : | No. 4:16-cv-01571 (Judge Brann) |
| Plaintiff, | : | |
| v. | : | |
| GULF INTERSTATE FIELD SERVICES, INC., | : : | |
| Defendant. | : | |

## ORDER

### May 12, 2017

**FINDINGS**

1. The Court entered its Memorandum and Order denying class and collective certification on March 24, 2017.

2. Since that time, this action has proceeded on an individualized basis.

3. On April 13, 2017, the Court denied a motion for reconsideration of its certification decision filed by Plaintiff.

4. On April 26, 2017, Defendant filed the instant motion for a protective order against non-party subpoenas.

5. The contested subpoenas, which were served subsequent to my denial of class certification, seek documentary and testimonial information

      regarding a number of contracts between the Defendant and Kinder Morgan, as well as compensation processes pertinent to every one of Defendant's employees who worked at Kinder Morgan sites.

6. In addition to receiving written submissions from the parties, the Court held a telephonic conference on the motion on May 1, 2017, at which time it heard oral argument from counsel.

7. "It is well established that the scope and conduct of discovery are within the sound discretion of the trial court . . . and that after final judgment of the district court . . . our review is confined to determining if that discretion has been abused." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (Aldisert, J.). "To find such abuse it is usually necessary to conclude that there has been an interference with a substantial right . . . or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* Thus, the United States Court of Appeals for the Third Circuit has forewarned litigants that it "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re*

*Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982) (Aldisert, J.).

8. "Discovery need not be perfect, but discovery must be fair." *Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 333 (E.D. Pa. 2012) (Baylson, J.). "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." *Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995). "[T]he scope of [ ] discovery is not without limits." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). As such, "[d]iscovery should be tailored to the issues involved in the particular case." *Id.*

9. Federal Rule of Civil Procedure 26(c)(1) states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." It further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

10. Moreover, it is axiomatic that "the party seeking discovery must first demonstrate the relevance before the party seeking a protective order must demonstrate good cause." *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010).

11. Chief Judge D. Brooks Smith, writing for the United States Court of Appeals for the Third Circuit in *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 226 (3d Cir. 2016), stated that "[i]f a collective action is decertified at the final stage . . . the court will decertify the class, dismiss the opt-in plaintiffs without prejudice, and permit the named plaintiffs to proceed to trial." Judge Smith further clarified that "[w]hile a dismissed opt-in plaintiff retains the ability to pursue *individual* claims after a district court decertifies a collective action, we have located no authority (nor have the parties cited any) discussing the approach taken by Steven Halle in the underlying case here—namely, his decision . . . to try to resurrect substantially similar collective action allegations." *Id.* at n.11.

12. I have reviewed the contested discovery requests and believe that they are overbroad, unduly burdensome, and most importantly, irrelevant in light of the individualized posture of this action following my denial of certification. In other words, the requests are not sufficiently

tailored so as to obtain relevant information about the only remaining Plaintiff, Mr. Sloane. *See Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *3 (S.D. Ind. May 20, 2009) ("Plaintiffs drafted their discovery requests while this case was still a putative class action, to be litigated on behalf of all minors who allegedly work on the Plantation. Because *Roe II* denied class certification, many of the discovery requests must be narrowed to encompass documents and information relating only to Plaintiffs' claims, not to claims of other minors on the Plantation."); *Am. Nurses' Assoc. v. State of Illinois*, No. 84 C 4451, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986) ("If class certification is denied, the scope of permissible discovery may be significantly narrowed."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 176 (D.D.C. 2009) ("Plaintiffs will have to concede that what may be a king's ransom will have been spent on discovery that may never be used if [a district court] denies class certification or narrows the nature of the class.").

13. Moreover, I believe that production of the requested documents would be duplicative, as the Defendant warrants that it "has already produced all relevant documents including Plaintiff's pay letters, payroll records, and timesheets, and has been deposed repeatedly on

its pay practices over the last 16 months in two separate lawsuits." ECF No. 198 at 2.

14. Finally, I agree, as adroitly conceptualized by counsel for Defendant, that the terms of the agreements between Defendant and its clients do not bear the requisite attributes of *legally* relevant evidence, although in some tangential fashion, they may *economically* serve as considerations that factor into Defendant's wage-setting determinations. Counsel for Plaintiff has failed to put forth any evidence that alters my opinion on that dynamic, as the relationship between economically relevant and legally relevant concepts is an attenuated one, even in an industry that utilizes mark-up pricing. To be precise, the former category is undoubtedly a much larger one in cases such as these.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Protective Order against Non-Party Subpoenas, ECF No. 198, is **GRANTED**.

2. The contested subpoenas are deemed **WITHDRAWN**.

3. **No later than May 15, 2017**, counsel for Plaintiff shall formally notify each subpoena recipient of this Order and of the subpoenas' withdrawal.

4. The case management deadlines set forth by this Court's March 24, 2017 Order, ECF No. 193, remain in **FULL FORCE AND EFFECT**.

5. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge