IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SLOANE, | : | No. 4:16-CV-01571 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| GULF INTERSTATE FIELD SERVICES, INC., | : | |
| Defendant. | : | |

## ORDER

### JUNE 7, 2017

**FINDINGS:**

1. Counsel for Plaintiff initiated the Fair Labor Standards Act ("FLSA") case *Hughes v. Gulf Interstate Field Services, Inc.*, in early 2014 in the United States District Court for the Southern District of Ohio.

2. On August 8, 2016, the Honorable Edmund A. Sargus, Jr., to whom the *Hughes* matter was assigned, entered summary judgment in favor of the Defendant.

3. In September 2015, counsel for Plaintiff filed the present action in the United States District Court for the Western District of Pennsylvania, prior to its transfer to this Court for purposes of proper venue in late 2016.

4. This Court entered a Memorandum and Order denying class and collective certification on March 24, 2017. ECF Nos. 192–93.

5. Plaintiff's counsel now petitions this Court, approximately one month before the July 18, 2017 dispositive motions deadline, to stay this matter pending the outcome on appeal in *Hughes* before the United States Court of Appeals for the Sixth Circuit.

6. "A stay is an extraordinary measure. The party seeking a stay must offer compelling reasons to abridge the opposing party's right to litigate." *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-605, 2013 WL 1397434, at *2 (M.D. Pa. Apr. 5, 2013) (Conner, J.) (citing *CTF Hotel Holdings, Inc. v. Marriot Intern., Inc.*, 381 F.3d 131, 139 (3d Cir. 2004)).

7. As the United States Court of Appeals for the Third Circuit has explained, "whether to grant a stay . . . is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

8. In determining whether to grant a stay, this Court typically considers four factors: "(1) the length of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation;

(3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy." *Scicchitano v. County of Northumberland*, 2015 WL 7568357, at *2 (M.D. Pa. Nov. 25, 2015) (Brann, J.). *See also Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016) ("This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.").

9. Although *Hughes*, like this case, dealt with certification broadly, it involved different circuit law, different plaintiffs, different work sites, different postures, and distinct exemptions. *See, e.g.*, Tr. of Nov. 21, 2016 Oral Arg. at 84– 85 ("MR. JONES: There is one additional [exemption] under the FLSA that doesn't exist under Pennsylvania."; "MR. JONES: It [*Hughes*] doesn't control, number one, because there is no summary judgment before this Court.").

10. Further, this Court made two substantive citations to *Hughes* in its 67-page Memorandum denying certification.

    (a) The first citation reads: "Because Plaintiffs have engaged in significant discovery in the three years since the *Hughes* case was initiated, they must offer something more than a modest factual showing to obtain certification." 2017 WL 1105236, at *7. The appeal in *Hughes* cannot retroactively diminish the amount of discovery that has been exchanged here and correspondingly, will not alter the applicable standard in this matter. Accordingly, a stay is not warranted on that ground.

    (b) The second citation reads: "Further, scouring the employment circumstances of the putative class reveals that the only other potentially viable subclass would perhaps be that comprised of individuals who worked at the MarkWest Ohio site. The problem with that subclass is, of course, that it was already expressly rejected in *Hughes*." *Id.* at *13. Validation of a MarkWest Ohio subclass in the *Hughes* appeal would not alter my certification decision. In that case, those Ohio class claims would be litigated in *Hughes* as originally brought and not duplicated here. Thus, a stay is not warranted on that ground.

11. Further, as counsel for Defendant sets forth in its brief, the outcome of the *Hughes* appeal would be instructive at best here, given that this case involved substantial evidence favoring exempt status and casting doubt on the propriety of certification. *See* ECF No. 206 at 2–3.

12. I also note that, for two cases so inextricably linked, appellate counsel in *Hughes* have given remarkably short shrift to my Memorandum Opinion denying certification in *Sloane*. In fact, counsel for Plaintiff neglected to cite my decision in either of its briefs before the Sixth Circuit, and counsel for Defendant quoted it just twice in its 66-page responsive brief, both times for propositions I had reached independently of Chief Judge Sargus's analysis. That is an oddity for an appeal whose outcome will "likely impact this Court's ultimate resolution of Sloane's FLSA claims." ECF No. 204 at 1.

13. Moreover, the Defendant would suffer significant prejudice from a stay that stonewalls this matter's progression on the literal brink of the dispositive motion's deadline.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay Pending Resolution of *Hughes* Appeal, ECF No. 204, is **DENIED**.

2. The case management deadlines set forth in this Court's March 24, 2017 Order, ECF No. 193, remain in **FULL FORCE AND EFFECT**.

3. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

                    BY THE COURT:

                    *s/ Matthew W. Brann*
                    Matthew W. Brann
                    United States District Judge